MONTMARY, INC., v. J. W. SANDERSON, *et al.*

190 So. 791
Division B
Opinion Filed July 25, 1939

*Richard H. Hunt, George H. Salley, Keen & Allen,* and *A. Frank O'Kelley, Jr.,* for Petitioner;

*Carson, Petteway & Stembler* and *W. M. Hurtenbach,* for Respondents.

PER CURIAM.—In a suit brought by the grantee in a deed of conveyance to quiet title to real estate, against the grantor and one claiming a part interest in the land under a later recorded instrument, it was found by the court, on substantial testimony, that the plaintiff grantee's agent had notice that the grantor defendant owned only a part interest in the land conveyed to plaintiff, and that another defendant claimed or had an interest in the land conveyed to plaintiff. Relief was denied against the grantor defendant and the bill of complaint was dismissed as to the defendant claiming under a later recorded instrument a part interest in the

land conveyed by one defendant to the plaintiff. Plaintiff appealed from the decree.

The appeal was dismissed because it was entered December 22, 1938 and made returnable February 15, 1938, an impossible day, in violation of the statute. A writ of certiorari has been applied for, the statutory period for taking appeals having expired.

Even if this Court may issue a writ of certioari to review a decree of the circuit court, after an appeal from the decree had been dismissed because it was illegally entered and was under the laws of this State insufficient to invoke the appellate ·jurisdiction of this Court, the decree was rendered upon a judicial determination of the probative effect of the evidence, including testimony adduced as to notice of plaintiff grantee's agent when the conveyance was made that the dismissed defendant had a claim or interest in the land conveyed by one of the defendants, and it is not shown that the decree is illegal or void, or necessarily and essentially erroneous, or that in rendering the decree the chancellor did not comply with the essential requirements of the law governing the issues in the case.

Therefore a writ of certiorari cannot properly be issued under the controlling law of this State.

Writ of certiorari denied.

TERRELL, C. J., and BUFORD and THOMAS, J. J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

Justices BROWN and CHAPMAN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.